## Case No. 6,530.

### In re HIRSCHBERG.

[2 Ben. 466;[1] 1 N. B. R. 642 (Quarto, 195); 1 Am. Law T. Rep. Bankr. 123.]

District Court, S. D. New York. June 20, 1868.

ATTORNEY'S COSTS UNDER SECTION 28 OF THE BANKRUPTCY ACT.

Where attorneys of a voluntary bankrupt presented and proved a claim for legal services in preparing the petition and schedules, and advice in relation to it. and for disbursements: *Held*, that no part of it was a debt to be paid in full, under the twenty-eighth section of the bankruptcy act [of 1867 (14 Stat. 530)].

[Cited in Barnes v. Rettew. Case No. 1,019; Re Comstock. Id. 3,074: Re Jaycox, Id. 7,-239; Re Gies, Id. 5,407; Re Elmendorf, 9 Fed. 546.]

By the Register:

[I, Isaiah T. Williams, one of the registers in said court in bankruptcy, do hereby certify, that, in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the respective parties, to wit: Mr. Henry Morrison. who appeared for the bankrupt [Louisa Hirschberg]. and Mr. Albert Smith,

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

who appeared for the assignee appointed by the creditors of the said bankrupt, who requested me to certify the same to the judge for his decision. The bankrupt filed her petition on the 28th day of January, 1868, and was adjudicated bankrupt on the 29th of the same month. Her schedules show trade debts to the amount of $1,563.32, of which debts to the amount of $1,073.47 have been proved. The assets of the estate after the assignee's and other expenses have been paid, show a balance of $182.29, to divide among the creditors. In addition to the debts above mentioned, the bankrupt has inserted in schedule A, No. 1, the following as a debt to be paid in full, according to the provisions of the twenty-eighth section of the act: "Morrison, Lauterbach & Spingarn, New York City, attorneys, $250 in January, 1868, for legal services in preparing the petition and schedules and advice in relation thereto." Messrs. Morrison et al. have filed satisfactory proof of their said claim.

[To this claim the creditors and their assignee object, on the ground that the bankrupt ought to find means to pay the expenses of her bankruptcy proceedings from other sources, and that the claim is not for fees and expenses of suits, and the several proceedings in bankruptcy under the act, within the meaning of the twenty-eighth section of the act. On the other hand, it is insisted that the only unobjectionable course that lay open to them was, to put in their claim for services in filing the petition, &c., and disbursements in the bankruptcy proceeding as a preferred debt. The bankrupt having no means of paying them, except out of the property which she was bound to surrender to her creditors, they were bound, in fairness, to deliver all up in the first place, and then claim to be paid for their services and disbursements therefrom. They further state that their disbursements in the matter have been over $100, and that so far at all events, whatever may be said as to their claim for services, their claim is for costs in the proceedings, allowed priority by the twenty-eight section of the act. It occurs to the register to remark, that the conduct of Messrs. Morrison, Lauterbach & Spingarn in the matter seems to have been conscientious, perhaps more so than the course ordinarily pursued by solicitors in such cases. It is clear that the funds from which the solicitor is paid, must come from what should be the assets of the bankrupt, or from his future earnings. In pursuing the course here pursued, the solicitor submits the amount of his compensation to the court under the eye of the creditors. In the course ordinarily pursued he obtains his compensation from the same fund, the amount being measured by the good feelings of the bankrupt, and under some temptation to give him a larger sum than the creditors would sanction, or the court might think a just compensation. If the act will bear this construction, it would seem to tend to a better practice than that which it is believed now generally prevails.] [2]

BLATCHFORD, District Judge. I do not think that the claim in question, or any part of it, even to the extent of the disbursements embraced in it, is a claim to be paid in full, under section 28 of the act. The fees, costs, and expenses, named in the first of the five subdivisions, in section 28, are those incurred by, and due to, the register, clerk, assignee, and marshal, and not those incurred by the bankrupt, or due to his attorney in the proceedings, for services or disbursements in connection with such proceedings.

---

HIRSCHFIELD (UNITED STATES v.). See Case No. 15,372.

