BENEDICT, District Judge. I have examined the evidence in these cases in the light of the arguments presented by the respective advocates, and am satisfied that the collision in question arose from an attempt on the part of the steamship to pass between the schooner Crockett and the schooner Greene, thus crossing the bows of the Crockett, when she should have gone under her stern. As the schooners were sailing, it was not safe to attempt to pass between the schooners, nor was there any reason for making the attempt.

It may be that the attempt arose simply from an error in judgment on the part of those navigating the steamship, although my mind inclines strongly to the belief that it arose from the fact that the attention of those on the steamship was devoted to the two schooners ahead of the Crockett, and that the last vessel was not seen till the steamer was just upon her. The positive evidence of those on the steamship may perhaps be explained by their supposing that there were but two instead of three schooners following each other. However this may be, the liability of the steamship is the same whether her course arose from error of judgment or the failure to see that the Crockett was following behind the Greene.

Let decrees be entered in favor of the libellants, with an order of reference to ascertain the amount of the loss.

---

OLD DOMINION INS. CO. (MURPHREY v.). See Case No. 9,945.

OLDHAM (HOLMES v.). See Case No. 6,643.

OLD NATIONAL BANK OF PROVIDENCE (KNIGHT v.). See Case No. 7,885.

---

## Case No. 10,484.

### In re OLDS et al.

[4 N. B. R. 146; (Quarto 37).] [1]

District Court, W. D. Michigan. Aug. 31, 1870.

BANKRUPTCY—COSTS—PAYMENT BY ASSIGNEE.

Where bankrupts (involuntary) complied with all the requirements of the bankrupt law [of 1867 (14 Stat. 517)], filed a petition for their discharge, there being funds in the hands of the assignee, and the final dividend not having been declared, the following question arose: "Whether the costs incurred upon the petition of bankrupts for their discharge, the hearing on said petition, publication of notice of hearing, etc., shall be paid out of the funds in the assignee's hands belonging to the estate of said bankrupts, or by the bankrupts themselves."—*held*, the assignee, when he has funds, should pay the costs.

[Cited in Re Elmendorf, 9 Fed. 546.]

[In the matter of M. Olds, W. Olds, and L. Olds, involuntary bankrupts.]

At Kalamazoo, in said district, on the 31st day of August, A. D. 1870.

Before J. DAVIDSON BURNS, Register in Bankruptcy:

I, the above-named register, do hereby certify that, in the course of the proceedings in said cause before me, the said bankrupts [M. Olds, W. Olds, and L. Olds] have filed a petition for their discharge; a hearing has been had thereon, no opposition has been made by any creditor to the granting of discharge; two of the bankrupts have taken the oath required by section 29 of the bankrupt act, and I have made certificate of conformity, and report in favor of their discharge. This is an involuntary case, and there are funds in the hands of the assignee, the final dividend not having been declared. The following question pertinent to the proceedings has arisen, and I have been requested to certify the same to the district judge, for his opinion thereon, to wit: "Whether the costs incurred upon petition of bankrupts for their discharge, the hearing on said petition, publication of notice of hearing, etc., shall be paid by the assignee out of funds in his hands belonging to the estate of said bankrupts, or by the bankrupts themselves." In my opinion the assignee, when he has funds, should pay such costs. The bankrupts having, by force of law, surrendered all their property to be disposed of for the benefit of their creditors, it seems just and right that the avails of such property shall, so far as necessary, be used to give the bankrupts that relief which, upon conformity to the requirements of the law, they are entitled to claim, viz., a discharge from their debts. The case would be different if creditors successfully opposed the granting of a discharge, but when no opposition is made, and the bankrupts in all things conform to their duty under the act, they should not be deprived of the discharge which (unless the costs thereof shall be paid by the assignee out of the estate funds) they may not have the pecuniary ability to obtain. Section 28 of the bankrupt act provides that in the order for a dividend, the following claims shall be entitled to priority and to be first paid in full: First, the fees, costs, and expenses of suits, and the several proceedings in bankruptcy under this act. The proceedings on petition for discharge are certainly "proceedings in bankruptcy."

WITHEY, District Judge. The decision of the register, J. Davidson Burns, Esq., certified above, is approved.

---

## Case No. 10,485.

### The OLER.

[2 Hughes, 12; [1] 14 Am. Law Reg. (N. S.) 300.]

Circuit Court, E. D. Virginia. July 14, 1874.

ADMIRALTY JURISDICTION—COLLISION ON SHIP CANAL.

1. The admiralty jurisdiction of the United States courts extends to a tort committed by

---

[1] [Reprinted by permission.]

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]