### *In re* ELMENDORF.

*(District Court, S. D. New York. December 12, 1881.)*

1. BANKRUPTCY—DEPOSITS UNDER REV. ST. § 5124.

    The bankrupt is entitled to be reimbursed for a deposit made with the clerk under the provisions of section 5124 of the Revised Statutes, provided it did not form a part of his estate.

In Bankruptcy.

*W. H. Morrison,* for bankrupt.

*W. H. Gibson,* for assignee.

BROWN, D. J. This is an application by the bankrupt for an order directing the assignee to repay to him, out of the assigned estate, certain fees and disbursements necessarily paid by him to the clerk, marshal, etc., in the course of the proceedings in bankruptcy, or for disbursements which those officers would have necessarily incurred. Among the items so asked to be repaid to the bankrupt is the sum of $50, deposited with the clerk, pursuant to section 5124, on April 30, 1878, prior to the issuing of the warrant, to the repayment of which the assignee objects. The bankrupt's voluntary petition was filed April 13, 1878.

Rule 29 of the general orders in bankruptcy provides that "the fees of the register, marshal, and clerk shall be paid or secured in all cases

before they shall be compelled to perform the duties required of them," and authorizes the court "to order the whole or such portion of the fees and costs in each case to be paid out of the fund in court, in such case, as shall seem just;" and section 5101 provides that the fees and costs of the several proceedings in bankruptcy shall be first paid in full out of the estate. Under these provisions this court has been accustomed to order reimbursement of the legal fees, and disbursements of the officers necessarily advanced by or on account of the bankrupt for the ordinary proceedings in bankruptcy, including proceedings for a discharge. *In re Olds,* 4 N. B. R. 146; *In re Heirschberg,* 2 Ben. 466; 1 N. B. R. 642. But this has been done upon the petition of some other person than the bankrupt, who has thus advanced the necessary fees; or, if done upon the bankrupt's own petition, has referred to advances presumably made by the bankrupt, not out of his own estate, which lawfully goes to his assignee, but out of means subsequently acquired or procured from other sources.

Rule 29 expressly declares that "funds deposited with the register, marshal, or clerk shall, in all cases where they come out of the bankrupt's estate, be considered as a part of such estate." The item of $50 now asked to be reimbursed to the bankrupt was such a deposit with the clerk; and, if it comes out of the bankrupt's estate, it formed a part of that estate to which the bankrupt cannot have any claim whatever. *Anon.* 1 N. B. R. 122. The deposit in this case was made very shortly after the filing of the voluntary petition. There is nothing in the petition to indicate, nor is there any presumption, that this deposit did not come out of the bankrupt's estate. If, in fact, it was procured from other sources, the bankrupt is entitled to have it restored to him; otherwise, not. If the parties cannot agree upon the facts in reference to that point, a reference to the register in charge may be had to ascertain and report the facts in that regard.