In re STOTTS.

(District Court, S. D. Iowa, Central Division.    April 6, 1899.)

No. 514.

1. BANKRUPTCY—COSTS OF ADMINISTRATION—FEES OF BANKRUPT'S ATTORNEY.
    In a case of voluntary bankruptcy, an attorney's fee for legal services rendered to the bankrupt himself is not entitled to priority of payment out of the estate; but an allowance may be made to the attorney of the bankrupt for services rendered in preserving the estate pending the appointment of a trustee.

2. SAME—FEES OF ATTORNEY FOR TRUSTEE.
    A trustee in bankruptcy may employ counsel when the situation of the estate is such that he requires legal assistance; and the fees of such counsel, to a reasonable amount, for services properly and actually rendered to the trustee, may be allowed as part of the cost of administering the estate.

3. SAME—ALLOWANCE BY REFEREE—NOTICE TO CREDITORS.
    The question of allowing counsel fees as part of the cost of administering a bankrupt's estate may be determined by the referee ex parte; notice to creditors of the hearing thereon is not a prerequisite to the validity of his action in the matter.

In Bankruptcy.

J. D. & R. G. Howard and Dowell & Parrish, for bankrupt.

WOOLSON, District Judge.    While this case was pending before Referee F. M. Davenport, there was allowed as attorney's fees to counsel representing the bankrupt $150, and also as attorney's fees to the same counsel representing the trustee $125.    After the resignation of Referee Davenport, said counsel presented to his successor, William R. Lee, a motion for an order on the trustee for payment of these allowances; no order for payment having been entered.    The motion was denied by the referee, for the reason, as certified by him, that "the claims were allowed at an ex parte hearing, and that the creditors had no notice thereof or opportunity for objecting thereto."    At the instance of said counsel, this matter has been certified for review by the referee.    No objection to the allowances above stated has been filed by any creditor.    I assume that the allowance of these attorney's fees was made under section 64, par. "b," of the present bankruptcy

statute. And, in so far as these allowances represent the ascertained value of the services rendered by counsel, I must assume the amounts to be correct. If correct, they should be paid, unless notice to creditors is a prerequisite, or the court finds, as the same are presented, that their payment is unjust, so as to require action against such payment.

In a decision lately handed down (In re Beck, Ex parte O'Connell, 92 Fed. 889) in the Eastern division of this district it was decided that no allowance would be made in voluntary cases for attorney's fees, in favor of counsel for the bankrupt, for services rendered for the bankrupt. But that in so far as such services, though nominally rendered for the bankrupt, were actually for the preservation of the estate, as, for instance, conserving the same pending the period between adjudication and first meeting of creditors, such fees might properly be allowed. It is now urged that the court will presume that the referee acted within this ruling, and affirm his action. But the order of allowance, as certified to this court, is not in accord with such presumption. Besides, on the oral presentation of this matter under review, the fact was developed that the claim of attorney's fees, as presented to the referee, went far beyond services for conserving the estate, although counsel affirmed a large part of such services were for the purpose and with the result of conserving the estate. From the record, as certified up, I am unable to determine what, if any, of such services are allowable, within the ruling announced in the Beck Case, above cited.

So far as my attention has been called to the adjudicated cases under former statutes and to the provisions of the present bankruptcy law, the trustee may properly be allowed counsel, when the situation requires such assistance, and fees of such counsel are properly allowed as part of the expense of the bankruptcy proceeding. In the absence of objection filed thereto, I must assume that the action of the referee was correct in allowing counsel fees for the trustee; that is, that the services were properly and actually rendered to the trustee, and are of the reasonable value found by the referee.

The question remains whether notice to the creditors was a prerequisite to this allowance by the referee. The section of the statute (section 64, par. "b") as to debts having priority of payment does not expressly require notice to the creditors before cost of administration can be determined and allowed. In the section (section 58, par. "a") which states in what matters notice to creditors must be given, no requirement appears for such notice when costs of administration are to be settled and allowed; and my attention has not been directed to any other provision of the statute, nor of the general rules, making such notices obligatory to the settling of such costs. Is there any good reason otherwise requiring such notice? It is assumed that creditors whose claims are filed with the referee will inform themselves of the general proceedings in the estate sufficiently, at least, to advise them of its general status, and file their objections, and, if necessary, take the proper steps for review of whatever orders and proceedings they may wish reviewed. They are thus given abundant opportunity for guarding against improper allowances. If the referee shall deem it proper, whether because of the peculiarity of the claim

for costs or expenses, or for any other reason by him deemed sufficient, I see no objection to his fixing a time for the hearing and notifying the creditors that at that time he will pass on the claim. But there occurs to me no good reason why the costs and expenses of administration must be passed upon by a creditors' meeting, before he shall pass on the same. If at any time before the closing of the estate this court shall find that excessive attorney's fees have been allowed and paid, this court doubtless has the power to take whatever steps are found necessary to correct this improper allowance and payment. These attorneys are on the roll of this court and subject to any proper order this court may make.

I am of the opinion that notice to creditors is not required before the referee can settle proper attorney's fees. The attorneys in whose favor were allowed attorney's fees in the pending case have asked that this court refer back to the referee the matter herein certified for review. Under the circumstances disclosed, this request appears to be reasonable. The pending matter is therefore referred back to Referee Lee, with directions to take such further action relating thereto as may be found right and just.