## IN THE MATTER OF T. K. OGINO, A BANKRUPT.

### November 21, 1913.

*Bankruptcy—Attorney's fees for services in interest of estate:* A fee is allowed to attorneys for services in the interest of the estate rendered in an examination of the bankrupt and witnesses at six hearings before the referee: overruling the conclusion of the referee that the attorneys having as attorneys for certain creditors filed their claims against the estate and it not appearing that the trustee expressly directed such examination, it must be presumed that their attendance at the hearings was pursuant to their employment as such attorneys; the court basing its allowance of a fee partly on the fact of a previous general retainer by the trustee and on the fact that the examination was in line with the trustee's duty to discover the assets of the estate.

*In Bankruptcy:* On review of order of referee.

*J. W. Russell* for petitioning attorneys, *Thompson, Wilder, Watson & Lymer.*

*G. S. Curry,* Referee in Bankruptcy, contra.

CLEMONS, J.   The referee has certified to this court for review the following question raised by the petition of the attorneys for the trustee,

"Whether counsel for the trustee, having been previously retained as attorneys for certain creditors in the filing of their claims, can be given an allowance for services in attending upon the referee in the examination of the bankrupt and witnesses when such examination was conducted by them without the express direction of the trustee."

The referee's certificate has the following "summary of the facts" on which he based the order of disallowance which it is desired to have reviewed:

"Counsel admitted that the trustee did not expressly authorize or direct them to conduct the examination of the bankrupt or the witness before me; that previous to the time of said examinations they had been formally retained by the trustee as his attorneys, and that at the first meeting of creditors as attorneys for M. Philips & Co., Isadore Rubenstein and C. Neuman & Co., creditors, they filed claims against the bankrupt, in the following respective amounts:   M. Phillips & Co. $1,414.37, Isadore Rubenstein $324.00 and C. Neuman & Co. $577.21, aggregating the total sum of $2,315.58; that the total amount of the claims of said bankrupt, as appears by his schedules is $11,377.00."

The referee's order is as follows:

"Counsel for the trustee, having as attorneys for M. Phillips & Co., Isadore Rubenstein and C. Neuman & Co., filed their respective claims against the bankrupt, and said claims constituting a substantial portion of the liabilities of said bankrupt, it must be presumed that counsel's attendance upon me in the examination of the bankrupt and witnesses was in pursuance of their employment as such attorneys for said creditors and not as counsel for the trustee; it not appearing that the trustee expressly directed said examination; and I, therefore, feel that I am without power to allow the claim of said counsel of the item: 'To services—Attendance upon referee, re examination of bankrupt and witnesses, 6 days, viz: Jan. 22nd, Jan. 23rd, Jan. 30th, Jan. 31st, Feb. 13th and Feb. 15th, $60.00,' and must accordingly disallow the same, and it is so ordered."

The affidavit of counsel in support of the claim says:

"That the items of disbursement as set forth in the said statement were actually incurred in behalf of said trustee in the administration of said bankrupt's estate, and the items of services as set forth in said statement were actually performed in the proper administration of said estate and for and in behalf of said trustee, and the deponent verily believes the charges made therefor as therein set forth are reasonable and fair.

"Deponent further says that said services were not performed by virtue of any retainer of any person or corporation, other than said trustee and that no compensation has been received for any of said services or any charge made therefor to any person or corporation other than said trustee."

There is no doubt that the services were such as should have been paid for if specially requested by the trustee, and that they were services rendered in the interests of the estate and of all the creditors. The referee having conceded this, it seems to me that the presumption of the attorneys' being in the employment of the trustee, who had retained them for the general purposes of the bankruptcy administration, is more natural than the presumption upon which he bases his order of disallowance,. viz.: that they were representing only the petitioning creditors. The adjudication having been secured, the fruits of any examination of the bankrupt were for the benefit of all the creditors.

It was the trustee's first duty to discover all the assets of the estate, and the aid which counsel gave him in that behalf, even though not especially requested, was for the benefit of all concerned and should be paid for out of the general fund administered. Therefore, from considerations of equity, the principles of which guide courts of bankruptcy, this claim for attorneys' fees should, being reasonable, be allowed.

The following cases, cited in behalf of the petition, may be referred to as bearing on the question: *In re Berko-*

*witz,* 22 Am. B. R. 236; *In re Fidler & Son,* 23 Am. B. R. 16; *In re Stotts,* 93 Fed. 438; *In re Fixen,* 96 Fed. 748; *In re Hart & Co.,* 3 U. S. Dist. Ct. Haw. 73; *In re Hitchcock,* 3 U. S. Dist. Ct. Haw. 138.

The case is remanded to the referee for further proceedings in conformity herewith.