850

In re ROBBINS.
No. 6661.

District Court, M. D. Pennsylvania.
June 27, 1930.

WATSON, District Judge.

This is a petition for review of an order by a referee in bankruptcy allowing attorney's fees. On application of the trustee, Albert W. Johnson, Jr., was appointed by the court attorney for the trustee. Mr. Johnson represented no creditors or persons vitally interested in the bankrupt's estate, which made his selection desirable. The affairs of the bankrupt were not unusually involved. The attorney rendered those services which are usually rendered by an attorney for the trustee who sells the assets of the bankrupt. In the instant case, the assets of the bankrupt were sold by the trustee, assisted by his attorney, for $10,000.

The referee allowed the attorney for the trustee $600, to which allowance objection has been made.

One objection is that the amount allowed is excessive and unreasonable.

 The allowance to the attorney for the trustee presents one of the most troublesome questions arising under the law. Should the amount of the fee depend upon the amount of work actually done, or upon the amount realized for the assets of the bankrupt? The policy of the statute is to keep the expenses down to a minimum. Allowances should not be as liberal as those made to attorneys of receivers in some other proceedings, neither should they be so niggardly as those authorized under the Bankruptcy Law (11 USCA) for the compensation of trustees. I feel that the allowance to attorney for trustee should be determined by both of the methods I have suggested.

The amount of legal services in an estate with assets amounting to a few hundred dollars might be as much or more than those in an estate with assets amounting to ten times a few hundred dollars. On the other hand, a percentage rule might work injustice to creditors should the assets be very large. A percentage rule should be followed in making allowances modifying it frequently to fit circumstances. Allowances of from 5 per cent. to 10 per cent. when the assets have been between $5,000 and $10,000 I consider proper, and such allowances have been common in this district.

In the instant case, the attorney for the trustee has been diligent and energetic, and the referee stated in his report that it was due to the efforts of the attorney for the trustee that the sum of $10,000 was realized for the assets of the bankrupt. The Bankruptcy Act, while it puts limits on most other expenditures by way of compensation, seems to have left a large discretion in the referee in making allowances to attorneys for trustees.

Under the circumstances, the allowance of $600 to the attorney for the trustees was liberal, but was not excessive or unreasonable, and there was no abuse of discretion.

The other objection is entirely without merit. There is not a scintilla of evidence of any conspiracy or collusion on the part of Mr. Johnson, or any other person or persons. The trustee was absolutely within his rights in asking for the appointment of Mr. Johnson, a lawyer with excellent standing at the Bar. The appointment came to Mr. Johnson unsolicited and without any effort on his part. There is nothing to show that Mr. Johnson acted in any way unethical, but, on the contrary, it is apparent that he acted in a most ethical and efficient manner, and the allowance should recognize the result.

Now, June 27, 1930, the referee's allowance to the attorney for the trustee is confirmed, and the report of audit of the referee is confirmed as to all matters set forth therein.