In the Matter of **NATIONAL DIS-COUNT CORPORATION**,
Bankrupt.

No. B/1892.

United States District Court
W. D. South Carolina,
Spartanburg Division.

Sept. 14, 1961.

See also 196 F.Supp. 766.

Wesley M. Walker, Greenville, S. C.,
for petitioning creditors.

WYCHE, Chief Judge.

This is an involuntary bankruptcy case and the matter is now before me upon petition for review by the Trustee in Bankruptcy, whereby the Trustee seeks to have an Order of the Referee reversed which refused the petition of the Trustee requesting appointment of T. Sam Means, Jr., Robert F. Chapman and Neville Holcombe as his attorneys.

I have carefully studied the record before me consisting of the petition of the Trustee to the Referee, the supporting affidavits of each of the above named attorneys and the Referee's Order.

I have concluded that I do not agree with the Referee. His refusal to appoint three attorneys to represent the Trustee generally should be reversed.

First, I differ with the Referee on the matter of need. It appears clear to me that this matter requires three able and experienced lawyers to advise and counsel with the Trustee and to render the general legal services as the circumstances may require. I believe that if only two attorneys were appointed, it would probably be necessary for both of them to devote all of their time to the representation of the Trustee in view of the extent of the proceedings and the involved and complicated affairs of the bankrupt which is already apparent.

It appears to me that an urgent requirement will be for the administration of the Trustee to be expedited promptly and efficiently with the greatest possible speed. I am convinced that it will be to the best interest of the creditors of the bankrupt for this to be done, and it is the best interest of the creditors with which this Court is primarily concerned. In order to have this accomplished, I find that three attorneys will aid the Trustee more effectively than it would be possible for only two attorneys to do.

I do not agree with the Referee that appointment of three attorneys at this time would increase expenses of the administration and would not be to the best interest of the bankrupt estate. I find to the contrary, and it is my opinion that

the fees to be paid to the attorneys for the Trustee will depend upon the amount and volume of work performed, giving proper consideration to the types of work involved. In the final analysis the total fees to be paid to three attorneys for the Trustee should be the same as would be for two attorneys. Knowing these three attorneys as I do, to be highly competent and experienced and most capable of rendering excellent legal services in this proceeding. I am convinced that by co-operation with each other and effective planning they will use their time to minimize to any extent possible the expenses of the administration by acting at all times to the best interest of the bankrupt estate and all the creditors generally.

 I regard it as inimical to good administration to impose an attorney on the Trustee against his will. The relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously. As stated in the case of In re Mandell, 2 Cir., 69 F.2d 830, 831, "only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel, and reasons which make it for the best interest of the estate to have the court select the attorney over the trustee's objection should appear in the record."

I am confident that the Trustee in this case would not ask for the appointment of these three lawyers unless he thought it was for the best interest of the administration of this bankrupt estate.

I am satisfied that the three attorneys requested by the Trustee represent no interest adverse to the Trustee or the bankrupt estate in the matters upon which these attorneys are to be engaged, and that their employment would be to the best interest of the estate. I am satisfied that the case is one justifying a general retainer.

I must conclude that the Referee was in error in denying the petition of the Trustee, and, therefore,

It is ordered, That the Trustee be and he hereby is authorized to retain T. Sam Means, Jr., Robert F. Chapman and Neville Holcombe as his attorneys generally, on all matters which, in the performance af his duties as Trustee may properly require the services of an attorney at law, and they are hereby accordingly approved and appointed as attorneys for the Trustee of the said bankrupt estate.