In the Matter of **NATIONAL DISCOUNT CORPORATION,** Bankrupt.

**No. B/1892.**

United States District Court
W. D. South Carolina,
Spartanburg Division.

Nov. 30, 1962.

Francis H. Fairley, of Fairley, Hamrick & Hamilton, Charlotte, N. C., Wesley M. Walker of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for petitioners.

L. A. Odom of Odom, Nolen & Foster, Spartanburg, S. C., for bankrupt.

T. Sam Means, Jr., Robert F. Chapman, S. C., Neville Holcombe, Spartanburg, S. C., for trustee.

WYCHE, District Judge.

By their verified Petition duly filed, Messrs. Neville Holcombe, T. Sam Means, Jr., and Robert F. Chapman, who were retained by the Trustee as his attorneys, under my order of September 14, 1961, D.C., 197 F.Supp. 505, have asked for the allowance of partial compensation to be paid them now on account of their total compensation to be determined at the close of the bankruptcy. Their Petition sets forth in broad outline the scope and nature of the services they have rendered the Trustee, and reserves the filing of a detailed statement until the termination of the proceeding.

The allowance of compensation for a trustee's attorneys is governed by Title

11, Sec. 102; sub. d, U.S.Code, which requires the filing of a petition setting forth the value and extent of the services rendered, the amount of compensation requested, and the amount of any prior allowances. The Petition must be supported by an affidavit stating whether or not an agreement exists between the attorneys and others for a division of the compensation, and, if so, the nature and particulars thereof. Sec. 102, sub. c prohibits the sharing of compensation for services with anyone not contributing thereto, except a law partner or a forwarding attorney. The former requirement of a hearing of the petition at a creditors' meeting, after notice by the referee has been abolished. See General Order No. 42 in Bankruptcy.

The allowances to attorneys for trustees in bankruptcy will naturally vary with the circumstances of the particular case, the only general rule being that they must not exceed the reasonable value of such services, having regard to the nature of the work performed, the amount involved and the circumstances of the estate. In re Cook (D.C., N.Y., 1883), 17 F. 328. In determining reasonable compensation for a trustee's attorneys, it is necessary to take into account the time spent, the intricacy of the questions involved, the size of the estate, the opposition encountered, the results achieved, opinion evidence touching reasonableness of the compensation requested, and the economic spirit of the statute. In re Barceloux (C.C.A., Cal., 1935), 74 F.2d 288. The services rendered must have been beneficial to the estate, and the amount allowed must be reasonable in consideration of the services performed, and is to be fixed by the court on the proof adduced, or, in the absence of such proof, from a knowledge of their value. Randolph v. Scruggs (Tenn., 1903), 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165.

Ordinarily, the statute does not contemplate that the number of attorneys employed shall enter into the allowance of attorneys fees, but that the allowance shall be made as though one attorney was employed. In re Falkenberg (D.C., N.M., 1913), 206 F. 835. However, where more than one attorney is required for the accomplishment of the work, then that fact should be considered, unless fees are allowed them separately. In re Tapp (D. C., Ky., 1946), 65 F.Supp. 171.

In this bankruptcy proceeding, the Trustee was authorized to engage three attorneys because of the large volume of work to be done. The order was entered upon appeal from the Referee's refusal to appoint more than two. The order did not specify that the attorneys were to be compensated separately, nor did it specify any division of the compensation among them. However, in their Petition, the three attorneys are asking for $7,000 to be paid to each of them.

I am quite familiar with the course and conduct of this bankruptcy proceeding, which has been a complex and troublesome one. I have heard several phases of the proceeding in the first instance, and I have heard others on appeal from the rulings of the Referee.

I need not now determine the exact value of the services rendered by the Petitioners up to the present time, for they are asking for an allowance of partial compensation to be paid them now and credited on account of the final compensation to be allowed them at the conclusion of the bankruptcy. I am only concerned with whether or not their services rendered to date justify, as a minimum, the partial compensation now asked for. I am convinced that they do, and that each of the Petitioners should now be paid the sum of $7,000 on account.

Accordingly, the Trustees shall now pay to each of the Petitioners the sum of $7,000 as partial compensation on account of their total compensation for services rendered and to be rendered, which will be determined at the termination of this bankruptcy proceeding.

It is so ordered.