**In the Matter of COLONIAL DISTRIBUTING COMPANY, Bankrupt.**
**No. 67–28.**

United States District Court,
D. South Carolina.

Argued July 15, 1970.

Decided July 22, 1970.

———◆———

Roy D. Bates, Columbia, S. C., for trustee, George E. Lewis.

Irvine F. Belser, Jr., Columbia, S. C., for Colonial Distributing Co.

HEMPHILL, District Judge.

Roy D. Bates, Esquire, Attorney for George E. Lewis, Trustee in Bankruptcy in this matter, petitions[1] for allowance of additional [and final] attorney's fee. By direction and orders of the court dated November 22, 1967 and May 15, 1968, he has received $12,500.00 as partial compensation. In his petition he details the multitudinous activities requiring his professional application and skill in the pursuit of his duties and representation of his client. The court has examined his petition with care[2] in view of the size of the bankrupt estate and the amount of fee prayed for, to wit: an additional $35,000.00. The court has reviewed the Report of the Special Master in Bankruptcy, filed March 24, 1970, in which he recommends payment of the additional amount; his report recites in some detail the routine, as well as the unusual and difficult, matters requiring the professional attention of counsel over a period of approximately three years.[3]

All these factors have been taken into consideration, along with the somewhat negative occurrence of a lack of a single objection to the requested compensation on the part of any party, creditor or attorney. The Special Master unequivocally states the compensation has been fully earned. Included in the considerations reviewed by this court are facts which show that:

(a) The cash on hand on the date of bankruptcy was $568.45. Total receipts accumulated to $553,725.91.

(b) Secured claims of more than $429,000.00 were reduced by compromise or court action to approximately $150,000.00. Priority claims were reduced from approximately $120,000.00 to near $80,000.00.

(c) Approximately $145,000 was recovered in claims, etc. $34,440.81 was earned as interest (during administration, this was a function of Trustee but counsel assisted.)

---

1. 11 U.S.C. § 102(d) provides: A receiver or trustee or the attorney for any of them, or any other attorney, seeking compensation for services rendered by him in a proceeding under this title or in connection with such proceeding, shall file with the court his petition setting forth the value and extent of the services rendered, the amount requested, and what allowances, if any, have theretofore been made to him. Such petition shall be accompanied by his affidavit stating whether an agreement or understanding exists between the petitioner and any other person for a division of compensation and, if so, the nature and particulars thereof. If satisfied that the petitioner has, in any form or guise, shared or agreed to share his compensation or in the compensation of any other person contrary to the provisions of subdivision (c) of this section, the court shall withhold all compensation from such petitioner.

2. Throughout the administration of the bankrupt estate this member of the court retained jurisdiction and maintained current familiarity with the activities of and concerning the estate.

3. The trustee was appointed May 22, 1967.

(d) 48 different proceedings were participated in, including appearances in the United States District Court and the United States Court of Appeals.

(e) Counsel spent more than 1000 office hours in professional pursuit and travelled more than 1200 miles.

(f) It is estimated all secured and priority claims will be paid and unsecured creditors will receive 20–25% payment.

(g) Counsel has proceeded with a minimum of delay in all matters.

■ An attorney for the trustee is normal and expected. The trustee has the right to choose his attorney, except in rare instances. In re National Discount Corp., 197 F.Supp. 505 (D.C.S.C.1961). Kanter v. Robertson, 102 F.2d 92 (4th Cir. 1939). It has been held inimical to good administration to impose an attorney on the trustee if he does not choose one. *Ibid.* The bankruptcy court has the power to decide whether or not to allow compensation and reimbursement out of the estate to an officer's attorney. Matter of Brown, 290 N.Y. 468, 49 N.E.2d 718 (1943); Brown v. Gerdes, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659 (1944). The court has great discretion in the matter, In re Carr, 116 F. 556 (D.C.N.C.1902), but the discretion is judicial, not arbitrary. The court's discretion is exercised primarily by the referee, subject to review and reconsideration by the district judge, Matter of Folker, 47 F.Supp. 522 (E.D.Mich. 1942), and the fact that no one appears to oppose the petition for review (or for fee) does not relieve the court of the duty of seeing to it that allowance to attorneys are proper and reasonable. Irwin v. Swinney, 45 F.2d 890 (W.D. Mo.1930). No general rule in regard to allowances can be stated which would be applicable in all cases, because of the diversity of circumstances in each individual case, so each case must rest on its own particular facts. In re Goodman, 17 F.Supp. 337 (W.D.N.Y.1936). In some cases the time element is dominant; and in others the skill used seems specially to stand out; and in others still, the amount which a defendant has been saved, or which plaintiff has recovered, may be the dominating consideration in the charge [fee]. In re Osofsky et al, 50 F.2d 925 (2nd Cir. 1931). A percentage rule might work injustice to creditors should the assets be large. In re Robbins, 41 F.2d 850 (3rd Cir. 1930). The services rendered must have been beneficial to the estate, and the amount must be reasonable in consideration of the services performed, and is to be fixed by the court on proof adduced, or, in absence of such proof, from a knowledge of their value. In re National Discount Corp., 211 F.Supp. 261, 262, citing Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (Tenn.1903). The Bankruptcy Act, while it puts limits on most other expenditures by way of compensation, seems to have left a large discretion in the referee in making allowances to attorneys for trustees. In re Robbins, supra.

The five factors commonly recognized for consideration in allowing fees are:

1. The time properly spent on the particular controversy;

2. Intricacy of the questions involved therein;

3. The amount(s) involved;

4. Opposition encountered; and

5. The results achieved.[4]

Statistical averages may have some value in comparative studies of what courts have done, but they offer no proper basis for a conclusion which a court is about

---

4. Remington, Bankruptcy, Vol. 6, Section 2673; Collier on Bankruptcy, Vol. 3, Section 62.12; In re Roustabout Co., 386 F.2d 354 (3rd Cir. 1967); Irwin v. Swinney, 45 F.2d 890 (W.D.Mo.1930).

to make.[5] Attorneys' fees, like other expenses of administration, vary widely, depending on circumstances and must be considered and determined upon a case by case basis.[6] The spirit of the Bankruptcy Act may be "economy", but it is not "parsimony". Good service cannot be expected from court officers unless they are fairly compensated in this work where man cannot exist, let alone live in reasonable comfort, without material things.[7] What may be adequate today, may be entirely unreasonable and inadequate tomorrow.

■ This court has reviewed the record accumulated before the Special Master, including recommendations by members of the bar in full support of the Master. Upon consideration of this, and all other matters the court approves the sum of Thirty-Two Thousand Five Hundred ($32,500.00) Dollars additional fee to counsel for the trustee, making his total compensation $45,000.00.

The Special Master has previously received $9,250.00. He has since completed his work. The court approves an additional fee of Two Thousand ($2,000.00) Dollars, so that his total compensation amounts to $11,250.00.

The Special Master has awarded $1500 as counsel fee to counsel to the Bankrupt. To this amount counsel has taken exception, asks review, and insists that this court raise the amount. At the hearing before the court he stated he had first asked $12,000.00, later reduced his request to $5,000.00. He supports his contentions with a statement—affidavit. In addition the court has had before it the testimony he gave before the Special Master.

■ The allowance of compensation, again, is a matter for judicial discretion. Matter of Taylor, 280 F. 127 (D.C.Wyo. 1922); In re Beck, 92 F. 889 (D.C. Iowa 1899). It has been observed that the Bankrupt's attorney is usually the court's favorite object in furthering economy.[8] His fee is usually kept at the "lowest minimum". In re Lang, 127 F. 755 (D.C.Tex.1904). The referee is best able to evaluate his services, Blanch v. Rankin, 291 F.2d 217 (5th Cir. 1961). The Bankrupt's attorney is entitled only to compensation out of the estate for services which, though performed by the Bankrupt, are really an aid to the estate in its administration. In re Herald-Post, Inc., 21 F.Supp. 231, 232 (W.D. Ky.1937).

■ This court is not as familiar with the activities of counsel for the Bankrupt as it is with counsel for the trustee. The Special Master should have his finger on the pulse of the administration, and in this case there is ample showing that he did. The court will not disturb the award.

The petition for attorney's fee on behalf of attorney for the trustee is granted, with amendment.

In addition he is allowed expenses in the amount of Five Hundred Fifty-Six and Thirty-Six/100 ($556.36) Dollars.

Additional compensation for the Special Master is awarded.

The petition (by exception to Master's Report) of counsel for the Bankrupt for increase in fee is denied.

It is so ordered.

5. Jacobowitz v. Double Seven Corporation, 378 F.2d 405 (9th Cir. 1967).

6. Ibid.

7. Collier on Bankruptcy, Vol. 3, Section 62.12, p. 1495.

8. Collier on Bankruptcy, 14th Ed., Section 62.31, page 1612.