(74 App. Div. 126.)

### STEDWELL v. HARTMANN et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. ATTORNEYS—CHAMPERTY—EXPENSE OF SUIT—AGREEMENT TO PAY.
    An agreement by an attorney to prosecute certain claims at his own expense, for a certain compensation, is champertous, in violation of 3 Rev. St. (5th Ed.) p. 478, § 72, providing that no person shall advance

¶ 1. See Champerty and Maintenance, vol. 9, Cent. Dig. § 26.

any money or thing in action, or agree so to do, for the purpose of receiving anything in action for collection, and of Code Civ. Proc. § 74, prohibiting an attorney from promising or giving any valuable consideration as an inducement or in consideration of receiving a demand for the purpose of bringing an action thereon.

Laughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Catherine A. Stedwell, as executrix of Jeremiah H. Stedwell, deceased, against Herman Hartmann and another, as executors of Herman H. Schwietering, deceased. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Jacob Marks, for appellants.

L. L. Kellogg, for respondent.

PATTERSON, J. Several grounds are urged and earnestly insisted upon for the reversal of this judgment, but we think none of them are tenable, except that which impeaches the validity of the agreement that lies at the foundation of this action. The plaintiff's testator was an attorney and counselor at law, and in February, 1874, he entered into a written agreement with a number of merchants and mercantile firms and corporations in the city of New York, including the defendants' testator, in and by the terms of which agreement the plaintiff's testator was employed to take all needful proceedings to recover any moneys which had been collected from the persons signing the agreement on an assessment of duties by the United States on importations of merchandise made by those parties from abroad, and for such purpose to make protests and appeals, to commence suits, and to present the subject, in any manner necessary, to the courts or to the government; and it was expressly provided in the agreement that everything that was done thereunder by the plaintiff's testator was to be "at his own expense." Pursuant to the authority which had been given him, the plaintiff's testator in or about the year 1874 began actions against the collector of the port of New York to recover back moneys that had been paid by the defendants' testator and others as duties upon the imported merchandise; but after beginning these actions he substituted other attorneys, which he apparently had the right to do under the agreement referred to. What is called a "test suit" was brought. The plaintiff in that suit was one of the other signers of the agreement, and not the defendants' testator. Certain proceedings were had in that test suit, and they were prolonged until a final decision was rendered in the supreme court of the United States which established a principle upon which each one of the persons employing the plaintiff's testator would be entitled to recover. Many years elapsed between the employment of the plaintiff's testator and the actual bringing to trial of a case in which the defendants' testator or the defendants were plaintiffs, and that case was not brought to trial until after a substitution had been

directed by the United States court of attorneys for the plaintiff in that action. That substitution was authorized by the United States court without prejudice to the right of the plaintiff in this action to sue for the stipulated amount of compensation under the agreement of employment referred to.

It will be observed that in this action the plaintiff resorts to the courts of this state for the enforcement of an agreement which the defendants contend it is against the policy of the state of New York to recognize or enforce. The question, therefore, is whether the agreement sued on in this action is an unlawful agreement, within the meaning of the statutes of the state of New York with respect to champerty and maintenance. It has recently been decided (Irwin v. Curie [Ct. App. June 10, 1902] 64 N. E. 161) that the only statutes in this state relating to the subject of champerty or maintenance now in force are to be found in sections 73 and 74 of the Code of Civil Procedure. Section 74 of the Code of Civil Procedure is founded upon section 72 of the Revised Statutes (3 Rev. St. [5th Ed.] 478), which section of the Revised Statutes was in force at the time the agreement was made between the plaintiff's testator and the defendants' testator. The provisions of section 72 of the Revised Statutes and section 74 of the Code are analogous. In the former it is provided that:

"No person * * * either before or after suit brought, shall lend or advance, or agree to lend or advance, or procure to be lent or advanced, any money or any bond, bill of exchange, draft or other thing in action, to any person as an inducement to the placing, or in consideration of having placed in the hands of such attorney, counsellor or solicitor, or in the hands of any other person, any debt, demand or thing in action, for collection."

Section 74 of the Code, based on the section of the Revised Statutes above quoted, is somewhat broader in its terms. It provides that:

"An attorney or counsellor shall not, by himself, or by or in the name of any other person, either before or after action brought, promise or give, or procure to be promised or given, a valuable consideration to any person, as an inducement to placing or in consideration of having placed in his hands * * * a demand of any kind for the purpose of bringing an action thereon."

In the case of Irwin v. Curie, supra, the effect of this provision of the Code was considered; and it was held that it did not apply to contracts made between attorneys and third parties, not attorneys, by which the latter were to share in fees or compensation received by the attorney. But the question still remains as to the validity of a contract by which an attorney, in consideration of having a claim placed in his hands for suit, gives the valuable consideration as an inducement that the attorney will himself pay all the expenses, or, in other words, that he himself will maintain the suit. This point was considered in Coughlin v. Railroad Co., 71 N. Y. 452, 27 Am. Rep. 75, under the provisions of the Revised Statutes. In that case Judge Earl says:

"One of the attorneys went to the plaintiff, and, for the purpose of inducing him to place the claim in his hands for prosecution, agreed not only to render the services, but also to advance all the money needed to carry

on his suit. This, within the meaning of the statute, was an agreement to advance money to the plaintiff. The agreement was a plain violation of the statute, and if such agreements are allowed the purpose of the statute will be in great degree defeated."

In the case at bar the agreement was not only to advance money, but to carry on the suits or actions at the expense of the attorney himself, under the agreement that he should receive a certain compensation; and thus he was promoting the suit, and defraying for the plaintiff the expense thereof. In this view of the statute in the case cited, Judges Rapallo and Andrews concurred. The attitude of the other judges sitting in the case does not clearly appear from the report, but we are of opinion that the view taken of the statute by the court of appeals is the one that should apply in this action.

We think, therefore, that the judgment and order should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

HATCH, J., concurs. LAUGHLIN, J., dissents.

VAN BRUNT, P. J. I concur in the opinion of Mr. Justice PATTERSON, so far as the ground upon which it reverses the judgment is concerned, but I do not concur in the view that none of the other grounds urged are tenable.

INGRAHAM, J., concurs.