### BEGLY v. WEDDIGEN et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. ATTORNEYS—CHAMPERTY—NO RECOVERY, NO PAY.
 An agreement by which an attorney undertakes proceedings to recover abatements, he to be paid nothing for his services and disbursements in case of failure to obtain the abatements, is champertous.

Appeal from Trial Term, Kings County.

Action by Hugh J. Begly against Louis Weddigen and others, copartners as Louis Weddigen & Co. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCHBERG, JENKS, and HOOKER, JJ.

Herbert T. Ketcham (Joseph E. Owens, on the brief), for appellant.

Alexander Blumenstiel, for respondent.

PER CURIAM. In this case the agreement signed by the defendants provided that they were to pay the plaintiff nothing for his services and disbursements in case of failure to obtain the abatements or recoveries mentioned in the contract. In Stedwell v. Hartmann, 74 App. Div. 126, 77 N. Y. Supp. 498, the agreement expressly provided that everything that was done thereunder by plaintiff's testator was "to be done at his own expense." This is the only apparent differ-

ence between the two cases, and is not, we think, sufficient to distinguish the case at bar from the Stedwell Case. Inasmuch as the latter has been affirmed by the Court of Appeals on the opinion below (173 N. Y. 624, 66 N. E. 1117), the opinion of Mr. Justice Patterson must be taken as settling the law, and is a controlling authority in this case for the affirmance of the judgment.

Judgment affirmed, with costs.