### TAYLOR v. ENTHOVEN.

(Supreme Court, Appellate Term. May 5, 1904.)

1. CHAMPERTY—CONTINGENT FEE—PAYMENT OF COURT COSTS.

Under Code Civ. Proc. § 74, providing that an attorney shall not promise or give a valuable consideration to any person as an inducement to placing in his hands a demand of any kind for the purpose of bringing an action thereon, an agreement by an attorney for a contingent fee of, 50 per cent. of the recovery, the attorney to advance all the court costs, is champertous and unenforceable.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by John H. Taylor against Jacques Enthoven. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Max L. Arnstein, for appellant.
Theodore Prince, for respondent.

PER CURIAM. The letter written by plaintiff's assignor, an attorney at law, to the defendant, explicitly states that the agreement for legal services upon which the recovery is sought provided for a contingent fee of 50 per cent. upon a recovery, the attorney to advance all the court costs. Such an agreement is champertous and unlawful, within the meaning of section 74 of the Code of Civil Procedure. Stedwell v. Hartmann, 74 App. Div. 126, 77 N. Y. Supp. 498; In the Matter of Fitzsimons, 174 N. Y. 15, 23, 66 N. E. 554.

The motions to dismiss, made at the close of plaintiff's case and of the entire case upon the ground that the contract was void, should have been granted.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

¶ 1. See Champerty and Maintenance, vol. 9, Cent. Dig. § 26.