We see that the time, place, and jurisdiction are stated, scienter is averred, the intent is charged, the character of the false pretenses is specified, the name of the defrauded person is given, and it is set forth that by color and means of such false pretenses the defendant then and there unlawfully and fraudulently obtained $810. The criticism of the learned counsel for the appellant, in his own language, is as follows:

"Not a word that the house would not have been sold to A. Himmelstein but for those representations, that A. Himmelstein did not pay the note, that the relator did not pay the note, that the complainant relied on the representations, and that because he acted in reliance on same he was injured."

I think these objections are fully met and disposed of by the decision in Clark v. People, 2 Lans. 329, where like contentions were made. See, too, People v. Jefferey, 82 Hun, 409, 31 N. Y. Supp. 267; State v. King, 67 N. H. 219, 34 Atl. 461; Commonwealth v. Coe, 115 Mass. 481; State v. Butler, 47 Minn. 483, 50 N. W. 532; Skiff v. People, 2 Parker, Cr. R. 139.

The order is affirmed.

HIRSCHBERG, P. J., and RICH and CARR, JJ., concur. BURR, J., concurs upon the ground that the sufficiency of the indictment cannot be considered in these proceedings.

---

SCIOLARO v. ASCH et al.

(Supreme Court, Appellate Division, First Department. April 15, 1910.)

1. HUSBAND AND WIFE (§ 25*)—CONTRACT BY HUSBAND—EFFECT.

A husband's agreement with his wife's attorney that the latter should receive for his services 50 per cent. of the recovery was not binding on the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 148, 149; Dec. Dig. § 25.*]

2. ATTORNEY AND CLIENT (§ 174*)—SUBSTITUTION OF ATTORNEY—LIEN.

Where an attorney, on consenting to a substitution, had no binding contract with his client as to his compensation, the only lien preserved by a provision therefor in the substitution agreement was that for the reasonable value of his services to the date of his substitution.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 379; Dec. Dig. § 174.*]

3. ATTORNEY AND CLIENT (§ 175*) — SUBSTITUTION OF ATTORNEY—AGREEMENT FOR FEES.

Where, after substitution of attorneys, the substituted attorney wrote his predecessor that he agreed to pay him as his fee in the action from moneys received by the substituted attorney for plaintiff 25 per cent. of the same, his predecessor to render services in the action in conjunction with the substituted attorney and to advance one-half of the expenses, to be returned to him out of any sum that might be recovered in the action, this constituted a personal agreement by the substituted attorney to divide with his predecessor which was not binding on the plaintiff; but being expressly authorized by statute, the original attorney was entitled to a lien on, and to be paid out of, the portion of the recovery received by the substituted attorney.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 175.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Frances M. Sciolaro against Joseph J. Asch and others. From an order fixing the amount of an alleged attorney's lien of John C. Robinson for professional services rendered in the action, plaintiff appeals. Modified and affirméd.

See, also, 129 App. Div. 86, 113 N. Y. Supp. 446.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Herbert J. Hindes, for appellant.

John C. Robinson, in pro. per.

PER CURIAM. This appeal involves a contest between two attorneys over the division of a contingent fee. So far as appears, the plaintiff has no interest in the controversy. The respondent was the original attorney for the plaintiff. He had no agreement with her as to his fee, but claims to have had an agreement with her husband that he should receive 50 per cent. of the recovery. This, of course, was not binding upon the plaintiff.

After the action had been begun and partially prepared for trial, plaintiff desired to substitute her present attorney, now virtually the appellant, as her attorney, and respondent signed a consent to substitution which provided that "the lien of the present attorney [respondent] be preserved." As respondent had no binding contract with plaintiff as to his compensation, the only lien preserved was that for the reasonable value of his services to date. As a part of the agreement for substitution, and in consideration thereof the appellant, the substituted attorney, wrote to his predecessor:

"I agree to pay you as your fee in said action, from moneys received by me for the plaintiff, 25 per cent. of the same. You are to render your services in the action in conjunction with me, to advance to the plaintiff one-half of whatever expenses is necessary to prosecute whatever appeals may be necessary, and to advance one-half of whatever other expenses shall be necessary, which said expenses are to be returned to you out of any sum that may be recovered in the action."

If this agreement had been made between the plaintiff and the respondent, we should find difficulty in holding that the respondent could take anything under it. It provided, not only for a contingent fee, but for the advance money to carry on the litigations, to be repaid, not out of the fee, but by the client out of her share of the recovery. Penal Law (Consol. Laws, c. 40) § 274; Coughlin v. N. Y. C. & H. R. R. R. Co., 71 N. Y. 443-452; Stedwell v. Hartman, 74 App. Div. 126, 77 N. Y. Supp. 498. The agreement, however, does not purport to be that of plaintiff, nor to be binding upon her, and no authority from her is shown to make such an agreement. It may be treated, therefore, solely as the personal agreement by the substituted attorney to divide with his predecessor, for such services as he might be called upon to render, the compensation which the promisor might receive. Such an agreement is expressly authorized by the statute.

As the respondent's right to receive any part of the compensation rests, not upon a claim against plaintiff, but upon his contract with the substituted attorney, the order must be so modified as to provide

that the respondent's compensation is to be a charge upon, and be paid out of, so much of the recovery as the substituted attorney is entitled to. How much that may be does not appear from the papers before us.

The order will be modified accordingly, and, as modified, affirmed.