## In re CHAMPION WAGON CO.

(District Court, N. D. New York. February 19, 1912.)

1. BANKRUPTCY (§§ 114, 272*)—RECEIVERS—ATTORNEYS.

It is the policy of the bankruptcy court to allow receivers and trustees to employ their own attorneys and to assume responsibility for their acts, though the court will not hesitate to direct receivers to dismiss attorneys and employ others, if it appears that those employed are incompetent, or are acting in the interest of one creditor or set of creditors as against others, and not for the good of all, or to serve some purpose of their own in any way antagonistic or not to the interest of general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. §§ 114, 272.*]

2. BANKRUPTCY (§ 114*)—RECEIVERS—ATTORNEYS.

Where attorneys employed by receivers of an alleged bankrupt had the confidence of the stockholders and bondholders of the bankrupt corporation, and also the confidence of the great majority of creditors both in number and amount, and nothing appeared to cast suspicion on the wisdom and propriety of their acts, they would not be removed, and the receivers directed to employ others, at the instance of minority general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

In the matter of bankruptcy proceedings of the Champion Wagon Company, alleged bankrupt. On application for an order removing Wallis & Clifford as attorneys for the receivers and directing employment of other attorneys. Denied.

Ferguson & Peavey, for the motion.
Wallis & Clifford, opposed.

RAY, District Judge. The Cleveland Hardware Company and the Sheldon Axle Company ask to have Willis & Clifford removed or dismissed by the court as attorneys for the receivers, and the receivers directed to employ other attorneys. The Cleveland Hardware Company is a creditor in the sum of $626.44, and the Sheldon Axle Company is a creditor in the sum of $612.57. The alleged bankrupt is a corporation engaged in the manufacture of wagons of various descriptions, and is located at Owego, Tioga county, N. Y., where the receivers and their attorneys reside. The total indebtedness of the company, aside from its bonded indebtedness, is about $53,000. Of these general creditors, 13 in number and $28,586.99 in amount have united in a written request that Wallis & Clifford be retained as attorneys for the receivers. The largest creditors of the alleged bankrupt reside at Owego and know the attorneys for the receivers.

[1] Wallis & Clifford were employed by the receivers as their attorneys without any order of or suggestion from the court. The policy of this court is and always has been to allow receivers and trustees to employ their own attorneys and assume responsibility for their acts. This court would not hesitate to direct receivers to dismiss attorneys employed by them, and employ others, should it appear that the attorneys employed are incompetent or acting in the interest of one creditor or set of creditors as against others, and not for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

good of all, or to serve some purpose of their own in any way antagonistic and detrimental to the interests of the general creditors. No charge of this kind is made against Wallis & Clifford, either directly or by inference, except that it is alleged in the moving papers that Wallis & Clifford have for a long time acted as attorneys for the alleged bankrupt. The answering affidavits of Fred C. Hill and Theodore D. Gere, the receivers, and of F. W. Clifford, one of the attorneys for the receivers, and of A. S. Andrews, attorney for the bondholders of the alleged bankrupt, demonstrate that this allegation of the moving papers is erroneous.

[2] When it was found that the alleged bankrupt was in financial difficulties, a meeting of the stockholders and creditors was held, and because of the absence of the president of the company and for other reasons Wallis & Clifford signed the notice of November 25, 1911, set out in the motion papers, directed to the stockholders and creditors of the Champion Wagon Company, and calling a meeting, the purpose being to devise a plan which would allow the corporation to continue its business and pay creditors such sum as the company might be found able to pay or offer in compromise. In point of fact Wallis & Clifford represented general creditors of the Champion Wagon Company to a large amount at that time.

The order appointing the receivers directed them to report at frequent intervals, and on the return day of this motion such a report was filed. It appears therefrom that nothing has been done or is being done in any way detrimental to the interests of the general creditors. On the other hand, it appears that the receivers are acting wisely and for the best interests of the creditors, and that the business is being conducted at a profit. It also appears to the satisfaction of the court that, unless some arrangement is made for a compromise with creditors or a long continuance of the business, the interests of the bondholders will be sacrificed, and that the general creditors will not realize to exceed 25 per cent. of their just claims. It also appears that under the wise policy inaugurated by the receivers the company in a short time will be in condition to offer a compromise of about 50 cents on the dollar to general creditors, assuming that a reorganization scheme can be perfected and the business sold as a going concern. There is a large amount of property on hand, which, if sold at a forced sale, would bring little or nothing. This is being worked up at a profit and turned into money for the benefit of the general creditors.

Careful inquiry by the court, made to the receivers and their attorneys, together with the report filed and the answering affidavits, demonstrate that it would be most unwise and detrimental to the interests of the general creditors to have a change of attorneys at this time. These gentlemen have the confidence of the community where they reside and where this business is located, the confidence of the stockholders and bondholders of the company, and also the confidence of the great majority of the creditors both in number and amount. Nothing appears to cast suspicion upon the wisdom and propriety of their acts. In 30 days another report will be due and filed,

and at the end of that time the acts and conduct of the receivers and their attorneys, if subject to criticism, will be before the court and the creditors in such a way as to demonstrate their infidelity to the trust reposed in them, if infidelity there be, but of which at this time no charge is made.

In this case there is no contest between the petitioning creditors and the other general creditors of the alleged bankrupt. Their interests are identical. If any contest at all arises, it will be as to the amount of the claims of the several creditors. Of this there is no pretense at this time. I am satisfied that the thorough familiarity of Wallis & Clifford with the affairs of this company and their high standing gives assurance that nothing has been done or will be done, except in the interest of all the general creditors, and that no partiality will be shown.

The motion is denied.