## In re METALLIC SPECIALTY MFG. CO.

(District Court, E. D. Pennsylvania. May 22, 1914.)

No. 4189.

1. BANKRUPTCY (§ 474*)—ADMINISTRATION—FEES.

It is the duty of every one connected with the administration of the bankruptcy laws to make sure that no fees or charges, except those intended by the acts of Congress, are paid out of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884; Dec. Dig. § 474.*]

2. BANKRUPTCY (§ 482*)—ADMINISTRATION—COUNSEL FEES—REVIEW.

Fees payable to counsel for a bankrupt's trustee are subject to supervision by the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BANKRUPTCY (§ 482*)—ADMINISTRATION—COUNSEL FEES.
. Where an original allowance to counsel for the bankrupt's trustee was intended to cover ordinary services, present and future, it did not preclude a subsequent allowance for subsequent extraordinary and unanticipated services, made necessary by the presenting of a doubtful claim.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Metallic Specialty Manufacturing Company. On petition to review a referee's order allowing additional fees to counsel for the trustee. Affirmed.

See, also, 210 Fed. 663.

Allen S. Morgan, of Philadelphia, Pa., for claimants.

Conard & Middleton and Simpson & Brown, all of Philadelphia, Pa., for trustee.

DICKINSON, District Judge. The only justification for an opinion in this case beyond the announcement of the ruling made is the general importance of the subject. There are these considerations to be kept in mind in passing upon the question of compensation to be allowed to counsel for trustees in bankruptcy.

[1] 1. It is the duty of every one connected with the administration of the bankruptcy laws to make sure that the fund which would otherwise be distributed among creditors is not diminished by the payment of any fees or charges except those intended by the acts of Congress to be paid.

[2] 2. Counsel for the trustee, both as representing the trustee and therefore the court, and as members of the bar of this court, are in an especial sense to have all their acts, and emphatically their claims to compensation, pass under the supervision of the courts.

3. As the compensation allowed by the court is in fact usually paid by creditors, and always by creditors of a discharged bankrupt, the power to fix the amount of compensation ought to be exercised with that degree of care and discriminating judgment which any one should exercise who is spending the money of another. The value of professional services is difficult to measure in money. The true professional spirit is absolutely without taint of commercialism, and inspires the doing of professional work without the thought of compensation being uppermost or even present. Such services, however, deserve compensation, and command a high measure of it. Happily, in this case, we are saved the ofttimes difficult duty of fixing the amount of such compensation with justice alike to counsel and to those out of whose money the compensation comes. It is practically admitted, or at least not seriously disputed, that the allowance made by the referee is reasonable and fair. The exception is based upon the proposition that the allowance originally made was prospective and covered by anticipation the services for which this allowance is asked for.

[3] The original allowance was intended to include services then still to be rendered, but the services then in view were expressly limited to ordinary services. The fact is admitted that extraordinary and at the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time unexpected and unanticipated services have been rendered by counsel. The fact has been found by the referee and is not in dispute. The ground of the objection therefore falls. Something was said at the argument about these petitioners themselves having been the cause of the necessity for these extra services, and that they presented a doubtful claim, which called forth a vigorous opposition from the trustee and his counsel. It is more than probable that some friction resulted from this, and some heat resulted from the friction. This fact, even if it be a fact, is of no importance, except that it makes clear the existence of the other fact that the extraordinary services were rendered. These petitioners are asserting their legal right to object to the allowance of this fee, and they cannot be deprived of a legal right, nor is that right in any degree lessened by any ill temper on their part, whether excusable or inexcusable.

The findings of the referee are approved, and the order made by him affirmed.