sponsible and the freight he receives, and of protecting himself against extravagant and fanciful valuations. The horses shipped were invoiced at about half their value. If there had been a total loss, the carrier would have been liable for but half their actual value. I think the rule holds good where there is a partial loss.

Judgment is therefore directed in favor of the plaintiff against the defendant for the sum of $230.24, together with interest thereon from the 7th day of August, 1911, the date of delivery of the animals by the defendant carrier to the plaintiff, together with costs. All concur, except MERRELL, J., who dissents, and votes for directing judgment for plaintiff for the amount of actual damages sustained, viz., $888.82.

---

### In re AN ATTORNEY. (No. 196.)

(Supreme Court, Appellate Division, Third Department. July 1, 1915.)

1. ATTORNEY AND CLIENT ⬤➾38—UNPROFESSIONAL PRACTICE—EVADING STATUTE.

For an attorney, receiving claims for collection, to cause them to be assigned by the wholesale to a resident of a town adjoining the city, for the sole purpose of bringing suits before a justice therein, in evasion of Code Civ. Proc. § 2869, subd. 5, depriving a justice of a town adjoining a city of jurisdiction of an action brought against a resident of the city, unless plaintiff is a resident of the town, is unprofessional practice, though he does it merely because the fees of the justice are less than those of a city magistrate.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. ⬤➾38.]

2. CHAMPERTY AND MAINTENANCE ⬤➾5—ATTORNEY—AGREEMENT AS TO COSTS.

For an attorney conducting a collection agency to have an understanding with clients that all claims will be put in judgment, and at his cost, if the claim is not collected, is within the spirit of Penal Law (Consol. Laws, c. 40) § 274, prohibiting an attorney from promising or giving any valuable consideration as an inducement to place, or in consideration for having placed, in his hands a demand for the purpose of bringing an action thereon, or of representing the claimant in the pursuit of any civil remedy for the recovery thereof.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. ⬤➾5.]

In the matter of an attorney. Conduct held improper.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

PER CURIAM. The attorney was notified informally that a complaint had been filed against him. He appeared before the court, and the court heard him fully, and also the complainants. The attorney accused evidently believes that he is fully justified in the practices he has pursued, and the important question is, not so much whether he should be disciplined or punished for any past act, but whether his conduct is professional and such as should be continued.

It is evident that the attorney is carrying on the collection agency.

---

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The fact that his wife has signed a certificate that she is carrying on the business does not release him from responsibility, as he and not his wife is chargeable with the acts complained of. In carrying on the collection agency the attorney violated the proprieties of his profession in a manner which subjects him to the discipline of the court in two respects: (1) The accounts for collection are given to the agency under an agreement that the agency may assign them. They are assigned to a party in an adjoining town, and sued in his name, in justice court, in that town. He has no interest in the matter, except he receives a small fee for allowing the use of his name and verifying the complaint. Substantially all the claims received are put in judgment, with the understanding between the agency and the clients that the costs of putting the claim in judgment shall be borne by the agency unless the claim is collected. If the amount of a claim, or the aggregate of several claims, justifies, action is brought in Supreme Court. If collected without suit, the agency receives 25 per cent. of the amount collected; if with suit, 50 per cent. The assignments are made in bulk, sometimes 50 or 100 at a time, and the suits brought in a wholesale manner.

[1] Subdivision 5 of section 2869 of the Code of Civil Procedure deprives a justice of the peace of a town adjoining a city of jurisdiction of an action brought against a resident of the city, unless one of the parties plaintiff is a resident of such town. The theory of the statute is that a resident of a city shall not be called into justice court outside of his city except by an actual resident of the town where suit is brought. Where an attorney receives hundreds of claims at a time (the debtor and creditor both being residents of the city), and causes them to be assigned to a resident of a town adjoining the city for the sole purpose of bringing suits in that town, he is evading the statute and depriving the defendants of a privilege which the law has secured to them. The assignments are merely colorable; the actions are, to all intents and purposes, prosecuted by the claimants who live in the city, and the assignments are merely instruments made for the purpose of evading the statute. There may be individual cases which would justify a transfer so as to bring a suit in an adjoining town; but where transfers are made by wholesale, and actions brought in the manner shown, the practice is unprofessional, and the attorney is evading the law, and thereby depriving the defendants of a right which the statute intends they shall have.

[2] Section 274 of the Penal Law has been taken from the Code of Civil Procedure, and may now be considered as an act regulating attorneys, and applies to the person, rather than to the court in which he practices. It prohibits an attorney from promising or giving any valuable consideration to any person, as an inducement to place or in consideration of having placed in his hands a demand for the purpose of bringing an action thereon, or of representing the claimant in the pursuit of any civil remedy for the recovery thereof. The understanding with the agency by which it is to put all claims in judgment, and if the claim is not collected that the agency pays the cost of collection, is fairly within the spirit of this prohibition. Stedwell v. Hartmann, 74

App. Div. 126, 77 N. Y. Supp. 498, affirmed 173 N. Y. 624, 66 N. E. 1117.

It is due to the attorney to state that he claims the actions in the adjoining town have not been brought there for the purpose of annoying or making unnecessary expense to defendants, but in order to effect a considerable saving in costs to the agency, as the fees of a justice in the town are much less than those of a city magistrate.

Charges were brought against the attorney before a bar association of his county; it fully investigated them, and made certain suggestions of impropriety in the conduct of the business, which has been remedied. The association felt that some of the practices we have referred to were unprofessional, but were not violations of the law, and recommended that the complaint be dismissed. In view of the fact that the attorney has complied with the suggestions made by the association, we feel it is unnecessary at this time to take any further action against him, other than to point out the impropriety of his conduct in the respects stated.

We therefore hold the matter, to give him an opportunity to correct the practices of the agency in the two respects mentioned, and if they are corrected within a reasonable time no further action will be taken in the premises. Otherwise, the matter will, upon notice, be given further consideration.