ment of such assessment, the testatrix assigned to the appellant the shares in question as collateral security for such payments as have been or may be made by him. * * * Should no sale of the property of the Cartledge Realty Company occur during the lifetime of the said Isabel F. Cartledge, the party of the first part, sufficient in amount to enable her to repay to the said Charles F. Cartledge, the party of the second part, the assessments paid by him, then and in that event the three hundred and forty shares of the Cartledge Realty Company shall be the property forever of the said Charles F. Cartledge, the party of the second part. No sale occurred during the lifetime of testatrix, who by her will bequeathed the shares in question to appellant. He claims that he may take the shares under the will and still recover the amount of the indebtedness from the balance of the estate.

*Otto C. Wierum* for appellant.

*Martin A. Schenck, Charles E. Hotchkiss* and *Alexander J. Field* for respondent.

Order affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND and MCLAUGHLIN, JJ. Dissenting: HISCOCK, Ch. J., CRANE and ANDREWS, JJ.

---

FREDERIC S. MARSELL, Appellant, *v.* SAMUEL E. MAIRES, Respondent.

*Contract — when agreement by attorney to pay another a percentage of his anticipated fee if latter would assist in having appointed certain trustees of a bankrupt corporation and aid in having him appointed their attorney, void as against public policy.*

*Marsell* v. *Maires*, 203 App. Div. 646, affirmed.

(Argued April 17, 1923; decided May 1, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 22, 1922, which unanimously affirmed an order of Special Term granting defendant's motion for judgment on the pleadings. The complaint alleged that the defendant herein requested plaintiff to assist him in electing and having appointed

certain trustees of a bankrupt corporation, and to thereafter aid in procuring the appointment of the defendant as attorney for the said trustees and to assist the said defendant in the event of his appointment as attorney for the said trustees in all matters of litigation which he might be called upon to do by the said defendant, and said defendant agreed with plaintiff herein that in the event of such appointment as aforesaid, as attorney for the said trustees, that he would pay to the plaintiff herein one-third of any and all fees and allowances that might be awarded to and received by him for his services as attorney for said trustees; that plaintiff carried out his part of the agreement; that defendant received $50,000 for his services as attorney for the trustees; that the plaintiff is entitled to the sum of $16,666.66 and prays for judgment in said amount. The court granted the motion for judgment upon the theory that the contract alleged in the complaint was against public policy and, therefore, void.

*John J. Fitzgerald* and *Herbert G. McLear* for appellant.

*Harrington Putnam* and *J. Hunter Lack* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Transfer Tax upon the Estate of ANDREW CARNEGIE, Deceased.

STATE TAX COMMISSION, Appellant and Respondent; HOME TRUST COMPANY, as Executor, et al., Respondents and Appellants.

*Transfer tax — trust created by deed inter vivos — method of computing legacies to charitable corporations — real estate owned by decedent and wife as tenants by entirety — federal estate tax not deductible.*

*Matter of Carnegie,* 203 App. Div. 91, affirmed.

(Argued April 17, 1923; decided May 1, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 10, 1922, modifying and affirming as modified an order of the New York County Surrogate's Court which