**In re GOODMAN.**

No. 16563.

District Court, W. D. New York.

Dec. 18, 1936.

William S. Moore, of Geneva, N. Y., for trustee.

RIPPEY, District Judge.

This case is before the court on a petition to review an order of the referee in bankruptcy for Monroe county, dated November 18, 1936, by which the petitioner was allowed the sum of $1,200 for his services as attorney for the trustee. The question certified by the referee for review is: "Did the referee in bankruptcy err in failing to allow William S. Moore, as attorney for the trustee, the sum of $1,970.00 for his services?"

The petitioner was appointed attorney for the trustee by order of the referee on December 30, 1930, and has continued in that capacity up to the present time. At the inception of this proceeding there were no assets in the estate, and claims totaling $5,723.65 were subsequently filed and proved against it. After securing the permission of the referee, the petitioner instituted an action in the Supreme Court for Ontario county in the name of the trustee against the bankrupt and certain of his business associates to recover for alleged fraudulent transfers. This action was finally tried after numerous preliminary motions and two appeals from decisions thereon, and it resulted in a judgment for the trustee in the sum of $20,000 plus costs, which was entered in the office of the clerk of Ontario county on June 15, 1936. The amount of damages was subsequently reduced to $11,500 and costs by an order of the Supreme Court, and the amended judgment was docketed on September 12, 1936. On account of the financial condition of the judgment debtors, on recommendation of the trustee and his attorney, the petitioner, it was ordered by the referee that $3,000 in cash be accepted by the trustee in settlement of this judgment, and this amount now remains in the hands of the trustee and constitutes the whole of the estate.

Allowances and disbursements, as now allowed and ordered to be paid by the referee, including the $1,200 allowed petitioner, amount to $1,855.27, leaving $1,144.73 for distribution to creditors, which will pay a 20 per cent. dividend. The petitioner filed with the referee his petition and affidavit for allowance in which he sets out in detail the number of days spent in performing his duties, asking that he be compensated at the rate of $20 per day for 98½ days, or in the sum of $1,970. A notice, specifying the amounts asked, was sent to creditors of the hearing to determine allowances. No opposition was made to the compensation

of the petitioner in the amount asked, and the trustee recommended that it be paid in that amount. Notwithstanding this, the referee reduced the amount to $1,200.

There is no doubt that the petitioner earned more than he has asked for in this proceeding during the six years he has performed the duties of the attorney for the trustee. At the outset his investigation of the bankrupt's affairs was impeded by an almost unfathomable labyrinth of transactions by which it was sought to defraud the bankrupt's creditors. The task of recovering for these fraudulent transfers was an arduous one, accomplished only after the expenditure of a great deal of energy and time, because of the ingenious efforts of the defendants to protract the litigation and to forestall an accounting. Through the petitioner's efforts a dividend to creditors has been made possible from what appeared to be a no-asset estate.

■ The amount allowed to the petitioner does not purport to be the value of his services, but an allowance of more than 40 per cent. of the total value of the estate would be subversive of the aims and intentions of Congress in enacting the National Bankruptcy Act (11 U.S.C.A.) one of the principal of such aims being to secure to creditors an equitable distribution of the bankrupt's property. In re James (D.C.) 175 F. 894, affirmed (C.C.A.) 181 F. 476, appeal dismissed 227 U.S. 410, 33 S.Ct. 351, 57 L.Ed. 573; In re Metallic Specialty Mfg. Co. (D.C.) 215 F. 937; In re Goldville Mfg. Co. (D.C.) 123 F. 579.

■ The fact that no objection is made to a requested allowance to an attorney for a trustee in bankruptcy is immaterial to the determination of the amount to be allowed by the court. In re Ferreri (D.C.) 188 F. 675; In re Goldenberg (D.C.) 2 F. Supp. 727. Allowance of attorneys' fees in bankruptcy proceedings is largely in the discretion of the District Court [McCartney, Foster & McGee v. Moore (C.C.A.) 16 F.(2d) 113; Weil v. Neary (C.C.A.) 22 F. (2d) 893], and the size of the estate is one of the chief elements to be considered in determining the amount to be paid [In re Osofsky (D.C.) 50 F.(2d) 925].

■ No general rule in regard to allowances can be stated which would be applicable in all cases, because of the diversity of circumstances in each individual case, so each case must rest on its own particular facts. After a thorough search of the reported cases, no case has been found in which 40 per cent. of the entire estate has been granted as an allowance. The decisions seem to indicate that a much lower percentage is reasonable and proper. Watkins v. Sedberry, 261 U.S. 571, 43 S.Ct. 411, 67 L.Ed. 802; In re Levinson (D.C.) 19 F.(2d) 253; In re Robbins (D.C.) 41 F.(2d) 850; In re Osofsky, supra.

■ In the opinion of this court, however, $1,200 is not an unreasonable allowance, because of the amount of work which was necessary for the recovery of anything for the estate as set out above, and for the further reason that in the event of failure to recover anything, no funds would have been available for the payment of any dividend to creditors or of any fee. Remington on Bankruptcy (3d Ed.) § 2677.

The question certified for review, therefore, must be answered in the negative, and the order granting the petitioner an allowance of $1,200 is hereby approved. The petition to review is dismissed.

It is so ordered.